UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>FOO YUAN FOOD PRODUCTS COMPANY, INC.,<br>HSING CHUANG (aka George Chuang),<br>and SUSAN CHUANG,<br><br>        Defendants. | Civil Action No.<br>18-CV-4689<br>(Vitaliano, J.)<br>(Pollak, M.J.) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES
OF AMERICA'S MOTION FOR DEFAULT JUDGMENT AND
ORDER PURSUANT TO FED. R. CIV. P. 55**

**PRELIMINARY STATEMENT**

Plaintiff United States of America respectfully submits this Memorandum of Law in Support of its Motion for Default Judgment against defendants Foo Yuan Food Products Company, Inc., Hsing Chuang (aka George Chuang), and Susan Chuang (collectively, the "Defaulting Defendants") pursuant to Fed. R. Civ. P. 55. Due to the Defaulting Defendants' failure to answer or otherwise respond to the complaint, this Court should enter a default judgment against the Defaulting Defendants.

**PROCEDURAL HISTORY**

On August 20, 2018, plaintiff, the United States of America, filed the complaint herein against the Defaulting Defendants, alleging that the Defaulting Defendants were violating 21 U.S.C. §§ 331(a) and 331(k), provisions of the Federal Food, Drug, and Cosmetic Act (the "Act"). *See* Docket Entry No. 1. Pursuant to § 332(a) of the Act, the United States sought permanent injunctive relief to enjoin the Defaulting Defendants from violating the Act by causing to be introduced or delivered for introduction into interstate commerce food that is adulterated (§ 331(a)) and by causing food to become adulterated while such food is held for sale after shipment of one or more of its components in interstate commerce (§ 331(k)). Summonses were issued as to all of the Defaulting Defendants. *See* Docket Entry No. 2. A copy of the complaint and the three summonses were served on the Defaulting Defendants. *See* Docket Entry No. 5. Defendant Susan Chuang was served by personal service on September 11, 2018. *Id.* Defendants Foo Yuan Food Products Company, Inc. was served by personal service on the company's authorized agent for service, Susan Chuang, on September 11, 2018. *Id.* Hsing Chuang was served by personal service on Susan Chuang, a co-worker of Hsing Chuang, at his ordinary place of business, on September 11, 2018. *Id.* Answers from all three defendants were due on October 2, 2018.

2

On October 17, 2018, the Court directed parties to provide a status letter by November 19, 2018. *See* Docket Entry of October 17. 2018. On November 13, 2018, plaintiff filed a request for a Certificate of Default. *See* Docket Entry No. 6. Plaintiff also filed a status report in compliance with the Court's order. *See* Docket Entry No. 7. Defendants were served by mail with copies of the Status Report, the Request for Certificate of Default, the Declaration in Support of Request for Certificate of Default, and the Proposed Certificate of Default on November 13, 2018. *See* Docket Entry No. 8. The Clerk of Court's certificate of default was entered on November 15, 2018. *See* Docket Entry No. 9.

To date, the Defaulting Defendants have failed to plead or otherwise respond to the complaint. The applicable time limit for answering or otherwise responding to the complaint has expired.

## ARGUMENT

### THE COURT SHOULD ENTER A DEFAULT JUDGMENT AGAINST THE DEFAULTING DEFENDANTS

**I.  THE DEFAULTING DEFENDANTS HAVE FAILED TO PLEAD OR OTHERWISE DEFEND**

Federal Rule of Civil Procedure 55 allows the Court to enter a default judgment against a party when that party "has failed to plead or otherwise defend." Courts in this circuit have consistently held that default is the appropriate remedy for failure to answer the complaint or otherwise defend. *See United States v. DiPaolo*, 466 F. Supp. 2d 476, 482-483 (S.D.N.Y. 2006); *Alston v. Northstar La Guardia LLC*, 10-cv-3611 (LAK) (GWG), 2010 WL 3432307, at *1 (S.D.N.Y. Sept. 2, 2010). Over six months after being served with the summonses and complaint in this action, the Defaulting Defendants have failed to answer the complaint or otherwise defend this action.

## II. ALL FACTORS FOR ENTRY OF DEFAULT JUDGMENT SATISFIED

Courts in this circuit have considered three factors when determining whether the entry of default judgment is warranted, namely: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *See DiPaolo*, 466 F. Supp. 2d at 482; *United States v. McDermott*, 12-cv-4440 (DRH) (AKT), 2014 WL 1272566, at *3 (E.D.N.Y. Feb. 14, 2014); *Northwell Health*, 2018 WL 1525803, at *4. In this instance, all three factors clearly favor entry of a default judgment.

### a. THE DEFAULTING DEFENDANTS HAVE WILLFULLY DEFAULTED

The Defaulting Defendants' failure to respond to the Complaint, to the Plaintiff's request for a Certificate of Default, and the Court's order requiring a status letter from the parties sufficiently demonstrate willfulness. *See McDermott*, 2014 WL 1272566, at *3. "When a defendant is continually and 'entirely unresponsive,' a defendant's failure to respond is considered willful." *Northwell Health*, 2018 WL 1525803, at *4 (finding the failure of defendants to respond to the complaint sufficiently demonstrated willfulness).

As set forth *supra*, the United States served the summonses and complaint upon the Defaulting Defendants in September 2018, six months ago. *See* Proofs of Service, Docket Entry No. 5. Nevertheless, the Defaulting Defendants never answered nor responded in any way to the complaint nor requested any extension of time to respond. Therefore, the Defaulting Defendants' deliberate failure to respond indicates willful conduct.

### b. NO MERITORIOUS DEFENSE TO THE UNITED STATES' CLAIMS HAS BEEN OFFERED

The Defaulting Defendants have not offered a meritorious defense as they have filed no answer nor presented any defenses. A meritorious defense is one that, "if proven at trial, would constitute a complete defense." *Securities and Exchange Commission v. McNulty*, 137 F. 3d 732, 740 (2d. Cir. 1998). Where a defendant has presented no defense to the court, the allegations in a plaintiff's complaint are deemed admitted. *See Indymac Bank, F.S.B. v Natl. Settlement Agency, Inc.,* 07-cv-6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Further, "where a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *McDermott*, 2014 WL 1272566, at *4. Accepting the allegations in the instant Complaint as true, the United States has asserted valid claims under 21 U.S.C. § 332(a) to enjoin the Defaulting Defendants from their ongoing violations of the Act.

### c. PREJUDICE EXISTS IF DEFAULT IS NOT GRANTED

Where a defendant has neither responded nor appeared on a timely basis, "denying the motion [for default judgment] would be unfairly prejudicial to Plaintiff." *Power Summit, Inc. v. Yari Film Group Releasing, LLC*, No. 08-cv-6854, 2009 WL 362016, at *1 (S.D.N.Y. Feb. 9, 2009). Denying this motion would be prejudicial to the United States as there are no additional steps available to secure relief. In the absence of a default judgment granting the requested injunctive relief, the Defaulting Defendants could continue to flout their violation of the Act.

## III. BY DEFAULTING, DEFENDANTS HAVE IMPLICITLY ADMITTED COMPLAINT'S ALLEGATIONS

A default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. *Northwell Health, Inc.*

5

*v. Northwell Staffing Agency, LLC*, 17-cv-1611 (DRH) (AKT), 2018 WL 1525803, at *3 (E.D.N.Y. Mar. 1, 2018); Fed. R. Civ. P. 8(b)(6).  Accordingly, by failing to answer or otherwise defend this action, the Defaulting Defendants have implicitly admitted the allegations in the complaint.

## IV. THE UNITED STATES IS ENTITLED TO A PERMANENT INJUNCTION AGAINST THE DEFAULTING DEFENDANTS

The United States seeks injunctive relief barring the Defaulting Defendants from engaging in violative conduct.  "The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction."  *Broadcast Music Inc. v. 120 Bay Street Corp.*, 09 Civ. 5056 (BMC), 2010 WL 1329078, at *3 (E.D.N.Y. Apr. 5, 2010); *Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F.Supp.2d 506, 516 (E.D.N.Y. 2006).

Under 21 U.S.C. § 332(a), courts "have jurisdiction, for cause shown to restrain violations of section 331 of [the Federal Food, Drug, and Cosmetic Act], except paragraphs (h), (i), and (j)." Injunctive relief can be obtained based on a violation without proof of actual harm.  *United States v. Bel Mar Labs Inc.*, 284 F. Supp. 875, 881 (E.D.N.Y 1968) (A product is deemed adulterated if it is not in conformity with cGMP "regardless of whether [it] actually is deficient in some respect.").  Here, the United States established through its well-pleaded allegations that the Defaulting Defendants were in violation of the Act.  The United States has established liability by virtue of the Default Defendants' default.  Accordingly, a permanent injunction is warranted.

## V. NO HEARING IS REQUIRED OR NECESSARY

Although Fed. R. Civ. P. 55(b)(2) contemplates the conduct of a hearing, a hearing need not be held under all circumstances.  Here, should the Defaulting Defendants not appear by

counsel, move to vacate the default, and oppose the motion for default judgment within 14 days of the filing of this motion, or by a date set by the Court, no hearing is required or necessary.

Rule 55(b)(2) does not require hearings prior to the entry of default judgment, but instead only allows hearings where needed: "The court *may* conduct hearings . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* (emphasis added). The United States is not seeking monetary damages in connection with its motion for default judgment against the Defaulting Defendants, so no accounting or damage determination is necessary. Nor does the Court need a hearing to determine the truth of any allegation. By defaulting and failing to respond to the Complaint, plaintiff's request for a Certificate of Default, and the Court's request for a status letter, the Defaulting Defendants are deemed to have conceded all well-pleaded allegations in the complaint pertaining to liability. *Lyons Partnership, L.P. v. D & L Amusement & Entertainment, Inc.*, 702 F. Supp.2d 104, 111 (E.D.N.Y. 2010) (citing *Greyhound Exhibit Group. Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992)); *Bio Hi-Tech Co., LTD. V. Comax, Inc., et al.*, 2009 WL 3497490, at *5 (E.D.N.Y. Oct. 28, 2009) (citing *Greyhound*, 973 F.2d at 155). Given Defaulting Defendants have not responded to date, there is no need for a hearing on this motion.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the United States' motion for default judgment against the Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

DATED this 21st day of March, 2019.

| | |
|---|---|
| RICHARD P. DONOGHUE<br>United States Attorney<br>Eastern District of New York | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division |
| | JAMES M. BURNHAM<br>Deputy Assistant Attorney General<br>Civil Division |
| By:_____/s/_____<br>MICHAEL J. CASTIGLIONE<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>Eastern District of New York<br>271-A Cadman Plaza East<br>Brooklyn, New York 11201<br>(718) 254-63 | GUSTAV W. EYLER<br>Acting Director<br>Consumer Protection Branch<br><br>OF COUNSEL:<br><br>ROBERT P. CHARROW<br>General Counsel<br><br>STACY CLINE AMIN<br>Chief Counsel<br>Food and Drug Division<br><br>ANNAMARIE KEMPIC<br>Deputy Chief Counsel for Litigation<br><br>TARA BOLAND<br>Associate General Counsel for Enforcement<br>Office of the Chief Counsel<br>Food and Drug Administration |